MORRIS FELDSTEIN et al., Copartners under the Firm
Name of MORRIS FELDSTEIN & SON, on Behalf
of Themselves and Other Creditors of ALEXANDER
FUSCO, Respondents, *v.* ALEXANDER FUSCO, Defendant,
and FRANK PETERS, Appellant.

Fraud — action to set aside sales made by a debtor to another
on the ground that they were made in violation of section 44
of the Personal Property Law — when judgment of Appellate
Division reversing the trial court and holding one of such
sales void not supported by the findings — remedy, if any, in
judgment creditor's action to set aside sale for fraud, not
under the Personal Property Law.

Upon the trial of an action brought by a creditor against a
debtor and another to whom he sold the goods, to set aside certain
sales of personal property, the trial court held, a jury having been
waived, that the sale of a store and the goods and fixtures therein
contained was void under section 44 of the Personal Property Law,
but that two other sales were valid. Upon an appeal the Appellate
Division modified the judgment and held that one of the sales, which
the trial court held valid, was void, on the ground that it was not
made in the regular course of trade, nor in the regular prosecution
of the business, but did not reverse a finding of the trial court to the
effect that at the time of such sale and for some time prior thereto
the debtor was engaged in the business of buying and selling leather,
leather goods, findings and supplies for the shoemakers' trade and did
not have any fixed place of business or any fixtures or stock of mer-
chandise. It appears the sale in question consisted of a truckload
of leather purchased by the debtor from the plaintiffs on credit and
on representation that he was solvent and engaged in business, which
representations were untrue, and undoubtedly made for the purpose
of cheating and defrauding the persons from whom he purchased
the leather. This leather was sold by the debtor to the co-defendant
herein and the Appellate Division held this sale to be void but did not
reverse, however, the findings of the trial court that the debtor did
not, at the time the sale was made, have any fixed place of business
or any fixtures or stock of merchandise but that he was simply engaged
in the business of buying and selling leather. In view of these findings
the findings of the Appellate Division do not support its judgment.

The debtor obtained title to the leather when he made the purchase and having obtained title he had the legal right upon the facts set out in the record to transfer such title by a sale. This sale was not void and, if made to defraud creditors, could only be set aside in a judgment creditor's action, but the recovery sought herein is not upon the theory of such an action but solely under section 44 of the Personal Property Law, and, hence, cannot be maintained.

*Feldstein* v. *Fusco*, 205 App. Div. 806, reversed.

(Argued February 26, 1924; decided April 1, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 18, 1923, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

*James McPhillips* and *John H. Barker* for appellant. The judgment appealed from must be reversed because the Appellate Division has not found facts sufficient to sustain it. (Pers. Prop. Law, § 44.)

*Walter A. Chambers* for respondents. The pretended sale from Fusco to Peters made on the 13th or 14th day of July, 1921, of a truckload of leather, was a sale of merchandise in bulk and comes within section 44 of the Personal Property Law. (*Klein* v. *Maravelas,* 219 N. Y. 383; *Lemieux* v. *Young,* 211 U. S. 489; *Kidd, Dater & Price* v. *Mussleman Grocery Co.,* 217 U. S. 461; *Touns* v. *Karantzalis,* 170 App. Div. 42; *Matter of Perman,* 172 App. Div. 14.)

McLaughlin, J. This action was brought by the plaintiffs on behalf of themselves and other creditors similarly situated of Alexander Fusco to set aside certain sales of personal property by him to the appellant Peters. These sales were three in number and were made in June and July, 1921.

The amended complaint contains two alleged causes of action: (a) To set aside the sales on the ground that the same were in violation of section 44 of the Personal Property Law (Cons. Laws, ch. 41); and (b) on the same ground, and in addition that the same, or the greater part of them, were purchased upon credit from the plaintiffs and others by means of conspiracy, and false and fraudulent representations. It alleges that prior to the 21st day of July, 1921, Fusco was engaged " in the business of retail dealer in leather, leather goods and findings and shoe-makers' supplies, and in his said business had a stock of merchandise and fixtures at St. Johnsville, New York; " that while thus engaged in business between the 11th of June and 14th of July, 1921, he sold and transferred to Peters his said business, together with the " goods, wares, merchandise and fixtures thereof in bulk, verbally, and also by a bill of sale dated the 25th day of June, 1921, and by an instrument in writing dated July 14, 1921, neither of which were filed; " that the sales were not made in the regular course of trade nor in the regular prosecution of the business of Fusco, and were fraudulent and void as against the plaintiff and other of his existing creditors.

The complaint further alleges that Fusco did not, five days before such sales, give notice to the plaintiffs, and defendant Peters failed to comply with the requirements of section 44 of the Personal Property Law; that by reason thereof the sales were invalid and he was accountable to the plaintiffs and other creditors similarly situated for the goods transferred.

The second cause of action re-alleges the facts set out in the first cause of action and sets forth that the goods sold, or the greater part of them, were purchased by Fusco upon credit obtained by false and fraudulent representations and that the sales made by him to Peters were made with intent to hinder, delay and defraud his creditors, including the plaintiffs, which fact was well known to Peters at the time of such sales.

Fusco did not appear in the action. The appellant Peters interposed an answer, in which he put in issue the material allegations of the complaint.

The trial court, a jury having been waived, sustained the plaintiffs' contention as to one of the sales and held that the same was void under section 44 of the Personal Property Law, but that the two other sales referred to in the complaint were valid and not in violation of the statute. It also dismissed the complaint as to the second cause of action. Judgment to this effect was entered upon the decision, from which an appeal was taken to the Appellate Division, third department. The Appellate Division modified the judgment, holding that one of the sales which the trial court held valid (" the one made between the 12th and 14th days of July, 1921 ") was void, since it was " not made in the regular course of trade, nor in the regular prosecution of the business of the defendant, Alexander Fusco," and directed the receiver appointed in the action to sell such goods and apply the proceeds in such way as the court might thereafter direct. As to this sale the Appellate Division reversed the findings made by the trial court which were necessary to sustain its judgment and in place thereof found as above indicated. It did not, however, reverse a finding to the effect that on the 10th of July, 1921, and for sometime prior thereto, Fusco was engaged in the business of buying and selling leather, leather goods, findings and supplies for the shoemakers' trade, and did not have any fixed place of business or any fixtures or stock of merchandise.

The defendant Peters appealed to this court.

It appeared at the trial that Fusco, for sometime prior to the 25th of June, 1921, was a dealer in leather goods and shoemakers' supplies and was engaged in the business of repairing shoes at St. Johnsville, N. Y., where he had a stock of merchandise and fixtures; that he took a quantity of leather which he had in stock from his business and delivered the same to the defendant Peters under an

agreement that the latter should sell the same for him; that Peters sold a part of the leather thus left with him, and the part not sold he purchased himself and paid Fusco for it. Findings to this effect were made by the trial court and also a finding that this sale was valid, since it was made in the regular course of trade and in the regular prosecution of Fusco's business. These findings were not disturbed by the Appellate Division.

The trial court found that on the 25th of June, 1921, Fusco sold to Peters his shoe repairing business which was described as "all the stock, fixtures, tools and machinery, including one Champion stitching machine and finisher, one Singer Sewing Machine, chairs, etc., which are now located and situated in a shoe repairing shop at No. eleven Main street, in the Village of St. Johnsville, Montgomery County, New York." This is the sale which the trial court held invalid and no complaint is made of the judgment in this respect.

The sale made between the 12th and 14th of July, 1921, which the Appellate Division held invalid, consisted, substantially, of a truckload of leather. It was purchased a few days before by Fusco from the plaintiffs in New York city, and possibly from some others, who were wholesale dealers in leather and leather goods. The purchase was made on credit, Fusco representing that he was solvent and was engaged in the business of dealer in leather, leather goods and findings and supplies for the shoemakers' trade at St. Johnsville, N. Y., which representations were untrue. He was not engaged in business at St. Johnsville, having previously sold his entire stock in trade, including fixtures, to Peters. Nor, so far as appears, was he solvent. The statements made by him to the contrary were not only false, but undoubtedly made for the purpose of cheating and defrauding the persons from whom he purchased the leather. The leather which he purchased he directed to be, and the same was, shipped from New York to Albany, N. Y.,

by boat where it was received by him, put upon a truck and taken to Glens Falls, N. Y., where he sold the same to Peters, receiving for such sale something like $2,000. It is this sale, in respect of which the judgment was modified, the Appellate Division holding, as indicated above, that the sale was not made in the regular course of trade, nor in the regular prosecution of the business of the defendant, and for that reason it was void.

In view of the finding of the trial court, undisturbed by the Appellate Division, that Fusco did not, at the time the sale was made, have any fixed place of business or any fixtures or stock of merchandise, but that he was simply engaged in the business of buying and selling leather goods, the findings of the Appellate Division do not, in my opinion, support its judgment, and for that reason the judgment must be reversed. There is no finding that this truckload of leather was a part of any stock of merchandise, nor is there a finding that Fusco had any fixed place of business. The findings, so far as any were made by the trial court bearing on this subject, were to the contrary. Fusco was engaged in the business of buying and selling leather. He did not have any fixed place of business nor did he have any fixtures or stock of merchandise. He obtained title to the leather when he made the purchase. Having obtained title, he had the legal right, upon the facts set out in this record, to transfer such title by a sale. The sale certainly was not void. If it were made with intent to hinder, delay and defraud creditors, then it could be set aside in a judgment creditor's action. In such an action a judgment not only had to be recovered, but an execution issued and returned unsatisfied before the action could be maintained. The recovery here sought is not upon the theory of a judgment creditor's action, which obviously could not be maintained, but solely under section 44 of the Personal Property Law.

The findings as made by the Appellate Division do not

sustain such an action and I am of the opinion the judgments so far as appealed from must, therefore, be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.